IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| AKEEM GUMBS, | : | CIV. NO. 23-3686 (RMB) |
| Petitioner | : | |
| v. | : | **MEMORANDUM OPINION** |
| WARDEN OF FORT DIX, | : | |
| Respondent | : | |

**IT APPEARING THAT:**

1. On or about July 10, 2023, Petitioner Akeem Gumbs, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. No. 1.) Petitioner seeks to dismiss his indictment in the U.S. District Court, District of the Virgin Islands, Case No. 3:11-cr-00031, based on double jeopardy grounds. (Docket No. 1.)

2. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to cases filed under 28 U.S.C. § 2241 under Rule 1, scope of the rules, a judge must promptly examine a habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

3. Petitioner is well-known within the Third Circuit. Recently, the Third Circuit noted:

> Gumbs was convicted in the District Court of the Virgin Islands of 31 counts related to his production and possession of child pornography and rape of his eight-year-old-niece, which he filmed. The District Court sentenced him to 300 months of imprisonment. We affirmed his conviction and sentence. *See United States v. Gumbs*, 562 F. App'x 110 (3d Cir. 2014), *cert. denied*, 574 U.S. 884 (2014). Gumbs has challenged his conviction and sentence in numerous proceedings, including under 28 U.S.C. § 2255, under 42 U.S.C. § 1983, and in no fewer than eight mandamus proceedings filed with this Court. We rejected those challenges. *See, e.g., In re Gumbs*, 726 F. App'x 166, 166-67 (3d Cir. 2018).

*In re Gumbs*, No. 23-2197, 2023 WL 4785506, at *1 (3d Cir. July 27, 2023).

4. The presumptive means to challenge a federal conviction is in a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, in the sentencing court. *Jones v. Hendrix*, 599 U.S. 465, 469 (2023). Successive challenges to a federal conviction and sentence are limited to the exceptions described in § 2255(h). *Id.* at 477-78. A federal prisoner may not seek to evade the limitations of § 2255(h) by challenging his conviction in the district of confinement under 28 U.S.C. § 2241, pursuant to the saving clause of § 2255(e). *Id.* at 478. Therefore, the Court will dismiss the § 2241 petition for lack of jurisdiction.

An accompanying Order follows.

DATE: **January 30, 2024**

                                          s/Renée Marie Bumb
                                          RENÉE MARIE BUMB
                                          Chief United States District Judge